UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAUNU RENAH WILLIAMS,

                        Petitioner,

   v.

JUDGE, D.A., SAMUEL WARDLE, COWLITZ COUNTY MAIL AND STAFF, and SGT. MOSES,

                        Respondents.

No. C11-5571 BHS/KLS

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on Petitioner Maunu Renah Williams' filing of an application to proceed *in forma pauperis* and a petition for writ of habeas corpus under 28 U.S.C. § 2241. To file a petition and initiate legal proceedings, Petitioner must pay a filing fee of $5.00 or file a proper application to proceed in forma pauperis.

On July 27, 2011, the Clerk advised Petitioner that his application to proceed *in forma pauperis* was incomplete as he had filed to sign the application and failed to provide the Court with a written consent and certified copy of his prison trust account statement showing transactions for the past six months. ECF No. 2. On August 8, 2011, Petitioner filed a signed application and written consent. ECF No. 6. He also filed a second application to proceed *in forma pauperis,* where he personally filled in the Certification (that is to be completed by the institution), stating that he has had no money to his credit and is carrying a negative balance of $14.42. ECF No. 6, pp. 3-4. Petitioner claims that he has been in the Cowlitz County Jail for

ORDER TO SHOW CAUSE - 1

only two months and that staff at the Cowlitz County Jail engaged in a "Fifth Amendment Conspiracy" to deprive him of the trust account statement. *Id.*, pp. 1, 4.

In addition to filing the deficient application to proceed *in forma pauperis* and a proposed writ of habeas corpus (ECF No. 1), Petitioner has filed as of the date of this Order: (1) Formal Complaint & Grievance Re Proposed Writ of Habeas Corpus; (2) Supplement (Formal Complaint of Grievance); (3) Declaration of Facts and Exhibits; (4) Grievance of Formal Complaint; (5) Declaration of Facts, Request for Counsel and US Marshal; (6) Request for Injunction; (7) Declaration Request for Relief, for Counsel and US Marshal; (8) Motion for Appointment of Counsel and Request for an Order of Injunction; (9) Declaration of Facts and Truths; (10) Declaration of Need; (11) Declaration of Consolidation; (12) Opposition; (13) Request for In Forma Pauperis; (14) Second Declaration of Facts and Truths; (15) Proposed Second Motion for Appointment of Counsel; (16) Request for Counsel and US Marshal; (17) Letter; (18) Declaration for Help; (19) Declaration for Relief; (20) Appeal for Removal; (21) Notice of Appeal; (22) Request for Swift Justice; (23) Request for Declaratory Relief; (24) Request for Declaratory and Injunctive Relief; (25) Declaration; (26) Request for Equal Protection; and (27) Request For Order to Have Documents Mailed. ECF Nos. 4, 5, 7, 9-32. Petitioner continues to file multiple, mostly incomprehensible pleadings on a daily basis.

Petitioner's pleadings are largely illegible and unintelligible. In his proposed petition for writ of habeas corpus, the petitioner is named as "Maunu Renah Williams At war for life, liberty freedom USA". ECF No. 1. He names "the Judge, District Attorney, and his counsel in 'Case No. 111005884,'" and the Cowlitz County Jail, as respondents. He alleges, in part, that he was sentenced on "6/06/11 – 6/08/11" for "Stolen car (due Japan Nuclear radiation) (to escape death

ORDER TO SHOW CAUSE - 2

or contamination poisoning. Hit & Run insurance scam!)," in a "secret court hearing by the Cowlitz County Judge and DA."

A cursory review of the proposed petition reveals that Petitioner is incorrectly and prematurely seeking relief in this Court. As Petitioner is attempting to attack a state court hearing and/or sentencing that occurred less than two months ago, it is clear that he has not yet presented his claims for relief to the Washington Court of Appeals and the Washington State Supreme Court. In a letter to the Clerk dated August 17, 2011, it appears that Petitioner is also hoping to file a civil rights complaint within this habeas case. ECF No. 22. However, he has filed no appropriate civil rights complaint and has not submitted a properly completed *informa pauperis* application for any such action. ECF No. 22.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Accordingly, it is **ORDERED:**

(1) Mr. Williams must pay the filing fee of $5.00 or submit a completed application for leave to proceed *in forma pauperis,* including a certified copy of his prison trust account statement **on or before September 16, 2011**. If Mr. Williams cannot obtain a copy of his prison trust account statement from the Cowlitz County Jail, he shall provide the Court with an

ORDER TO SHOW CAUSE - 3

explanation, setting forth clearly and succinctly what steps he took to obtain the statement and why he was unsuccessful.

(2) Mr. Williams must submit an amended petition for writ of habeas corpus on the appropriate form **on or before September 16, 2011**. The amended petition shall include the name of the proper Respondent. Failure to name the correct respondent deprives this Court of personal jurisdiction. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Mr. Williams' custodian for purposes of his habeas corpus petition challenging the execution of his Washington state sentence is the warden/superintendent of the prison where he is currently confined. See, e.g., *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Mr. Williams must also state in his amended where he has or has not exhausted his claims in state court. Failure to file an amended petition reflecting the foregoing information **on or before September 16, 2011** shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.

(3) If Plaintiff seeks to file a separate 42 U.S.C. § 1983 complaint, he should submit the complaint, on the Court's form, along with a properly completed application to proceed *in forma pauperis,* which application shall include a copy of his prison trust account statement from the Cowlitz County Jail.

(4) Plaintiff's filings (ECF Nos. 4, 5, 7, and 9-32) are **DENIED without prejudice.** These filings are premature. Mr. Williams has not yet paid the filing fee or submitted a completed application to proceed *in forma pauperis* and he has not yet filed a proper petition for writ of habeas corpus naming a proper Respondent over whom the Court may exercise jurisdiction. **Until he has complied with this Order to Show Cause, Mr. Williams shall stop filing pleadings in this case.**

ORDER TO SHOW CAUSE - 4

(4) Clerk is directed to send a copy of this Order to Mr. Williams, along with the appropriate forms, including a written consent and § 2254 petition.

DATED  29th  day of August, 2011.

*[signature: Karen L. Strombom]*
Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE  - 5